UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN L. HOBSON,

    Plaintiff,                                  CIVIL ACTION NO. 04-CV-74631-DT

  v.                                        DISTRICT JUDGE ARTHUR TARNOW
                                            MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a full range of light work.

\* \* \*

      Plaintiff filed an application for Social Security Supplemental Security Income (SSI) benefits on October 31, 2001, alleging that he had become disabled and unable to work on September 26, 1997, at age 43, due to back/neck pain and hypertension. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on November 6, 2003, before Administrative Law Judge (ALJ) Manual Carde. The ALJ found that the claimant retained the residual functional capacity to perform a full range of

light work.[1]  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 49 years old at the time of the administrative hearing. He had earned the equivalent of a high school education, and had been employed from 1978 through 1994 as a pipe repairman for the City of Detroit Water and Sewer Department (TR 53, 58, 75).  After the claimant was laid off by the city, he worked as a heavy equipment mover and forklift operator through 1997 (TR 53, 75).  As a pipe repairman, he did a lot of walking and standing. He had to constantly bend down and reach over his head.  He was required to lift upwards of 75 pounds on a regular basis (TR 53, 78). Claimant stopped working in September 1997, after injuring his back at work[2] (TR 317). Plaintiff alleged that he remained disabled due to severe back and neck pain that prevented him from doing any exertional activities (TR 321-323). Pain medications proved ineffective, and he allegedly had to lie down for several hours each day in order to get any pain relief (TR 320). Plaintiff maintained that he was unable to do any household chores or yard work (TR 87). Claimant

---

[1]Light work activity is defined as the ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job in this category sometimes requires a good deal of walking or standing, or involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, a person must have the ability to do substantially all of these activities.  If someone can do light work, the Commissioner will also find that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404. 1567(b) (2005).

[2]Plaintiff testified that he received an undisclosed lump sum payment to settle a workers' compensation claim in 2002 (TR 317).

spent his days at home watching television, reading newspapers, and visiting friends and family (TR 321-322).

A medical expert, Dr. Jack Kaufman, reviewed the medical evidence in the record at the request of the Law Judge. At the hearing, Dr. Kaufman expressed his opinion that the functional restrictions placed upon claimant by his treating physician, Dr. Alma George, were not based on objective test results. Since the treating physician was not a surgeon, and had never requested that Plaintiff undergo orthopedic tests to corroborate his allegations of disabling back pain, Dr. Kaufman concluded that the treating doctor must have found the claimant disabled on the basis of his past history of multiple back surgeries (TR 339-340).

A Vocational Expert (VE), James Fuller, testified that there were no jobs for claimant to perform if his testimony was fully accepted (TR 361, 372).[3] If the claimant were capable of light work, however, the witness stated that there were numerous types of competitive employment opportunities that he could still perform (TR 370).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative disc disease of the lumbar spine and hypertension, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments.[4] The ALJ recognized that the claimant's impairment precluded him from

---

[3]The witness opined that claimant's inability to sit or stand for prolonged periods would preclude work activity (TR 362).

[4]Contrary to his assertion, Plaintiff has failed to establish that he continuously exhibited all the factors described in Listing 1.04 for a twelve month period. Moreover, Dr. Hutson reviewed the medical record and concluded that none of claimant's impairments were severe enough to meet the Listing of Impairments (TR 284).

**3**

performing jobs requiring him to lift more than 20 pounds and/or to stand or walk for longer than 6 hours in an 8 hour day. The Law Judge relied on the Medical-Vocational Guidelines (Rules 202.14 or 202.21) to justify a conclusion that there were substantial numbers of jobs available in the economy for claimant to perform.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains he is disabled as a result of severe joint pain. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2005).

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985). Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a full range of light work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of disabling joint pain. Dr. Paul King, the treating orthopedic surgeon, reported in April 2003, that Plaintiff no longer had any neck or arm pain since undergoing his most recent

5

back surgery. The doctor added that the claimant demonstrated a full range of back and neck motion, and had stopped taking prescription pain medication. Dr. King asserted that Plaintiff was doing quite well (TR 288).

In a follow-up examination dated August 22, 2003, Dr. King reiterated that the claimant was doing well. The treating doctor stated that Plaintiff's neck was supple with full range of motion. Moreover, the claimant did not exhibit any neurological deficits. Overall, the claimant was said to be functional and seemed to be quite happy (TR 286). Dr. King recommended physical therapy to help alleviate some residual neck pain, but he did not place any restrictions on claimant's daily activities.

Dr. Syned Iqbal, a consulting internist and physiatric specialist, examined Plaintiff in December 2003, and concurred with the assessment that the claimant could return to substantial gainful activity provided that he not lift more than 10 pounds or remain on his feet for prolonged periods of time (TR 207-210). While Plaintiff could walk without a cane for short distances, Dr. Iqbal recommended an ambulatory aid for long distance walking (TR 201). A complete physical examination was essentially unremarkable (TR 198-199). Range of motion of the cervical and lumbar spines were only mildly limited, and claimant was able to get on and off the examining table without difficulty (TR 197).

When evaluating Plaintiff's residual functional capacity, the Law Judge also took into consideration the opinion of Dr. R.A. Hutson, a state agency consulting physician[5], who concluded that the claimant could perform unskilled, light work, as that term is defined by the SSA (TR 283-284). In light of that evidence, the Commissioner could reasonably

---

[5]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404 .1527(f)(2)(i) (2005).

6

conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his back and neck pain were not fully credible.

The law defines disability as the inability to do any substantial, gainful activity by reason of a severe physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than 12 months. 20 C.F.R. §§ 404.1505(a) (2005). Even accepting the fact that Plaintiff was unable to work following his August 2002, back operation, the medical record demonstrated that any resulting disability did not last for a continuous period of 12 months necessary to entitle him to benefits during the relevant time.[6]

Plaintiff relies heavily upon the fact that Dr. Alma George described him as totally disabled on a form report (TR 131-133). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if her clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. George offered little objective evidence to support her disability opinion[7], it need not have been given any special weight. Miller v. Secretary, 843 F.2d 221,

---

[6]Proper inquiry in an application for SSI benefits is whether claimant was disabled on or after the application date. Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993). Thus, Plaintiff had the burden of proving that he was disabled between October 31, 2001, the SSI application date, and July 26, 2004, the date of the ALJ decision, in order to be entitled to SSI benefits.

[7]The doctor simply circled or checked off pre-printed answers on the "questionnaire" sent her by the SSA. These answers provided little, if any, insight into Plaintiff's condition during the relevant period, as contemplated by the treating physician regulations. 20

**7**

224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he has the vocational qualifications to perform alternative jobs in the economy, notwithstanding his severe impairments. Since Plaintiff could have performed a full range of light work between

---

C.F.R. § 404.1527(d)(2) (2005). Moreover, the report was prepared just a month after claimant's most recent back surgery in August 2002, when he was still wearing a temporary neck brace (TR 132).

October 2001 and July 2004, the Commissioner could meet her burden of establishing that he retained the residual functional capacity to perform alternative substantial gainful work existing in the national economy through the Medical-Vocational guidelines.[8] Given claimant's age, educational level, and skilled work history, Rules 202.14 or 201.21 of the guidelines directed a finding of "not disabled".

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

---

[8] Claimants who can no longer perform past relevant work are assigned grid categories according to their residual functional capacity, age, education, and transferable skills, and the grid dictates a conclusion or rule of "disabled" or "not disabled". See 20 C.F.R. § 404, subpt. P, appendix 2 200.00(a) (2005).

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: September 28, 2005

_____

### CERTIFICATE OF SERVICE

I hereby certify on September 28, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 28, 2005. **Lawrence Rattner.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217