UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN J. HOBSON,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No.    04-74631

Honorable Arthur J. Tarnow
United States District Judge

Magistrate Judge
Donald A. Scheer

### ORDER GRANTING PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES [DE 24]

Before the court is Plaintiff's Application for Award of Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff seeks a total amount of $7,578.38.

### INTRODUCTION

On March 31, 2006, this Court entered an order [DE 23] denying both Plaintiff's and Defendant's Motions for Summary Judgment. In the same order, it rejected a magistrate judge's report and recommendation, and remanded the case to be heard for a different Administrative Law Judge.

It did so because the Court found that the Administrative Law Judge's decision was not supported by substantial evidence. It further found that because of the ALJ's conduct, the plaintiff was denied a full and fair hearing.

### DISCUSSION

The Equal Access to Justice Act "requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the

United States was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (citing, *inter alia*, 28 U.S.C.A. § 2412(d)(1)(A)). A party who wins a remand order that, as here, terminates the litigation is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993).

The Government's position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). *Pierce* indicates that objective indicia, such as court rulings in the government's favor, are relevant to determining substantial justification, but not conclusive. *Id.* at 568. "[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Id.* at 569.

*Pierce* itself reviewed the actual merits of the case to hold that the district court did not abuse its discretion when it found a lack of substantial justification, and awarded fees. *Id.* at 570-71. Similarly, *Howard v. Barnhart*, 476 F.3d 551 (6th Cir. 2004), reviewed the underlying merits when it reversed a district court's denial of attorney fees. *Id.* at 554. The lower court had reasoned that the government's position was substantially justified because both it and the magistrate judge had agreed with the ALJ's decision. *Id.*

However, the Sixth Circuit, which had reversed and remanded the affirmation of the denial decision, disagreed. *Id.* Because the ALJ denied benefits by selectively considering evidence, the government's decision to defend was not substantially justified. *Id.*

Here, the magistrate judge recommended affirming the ALJ's decision to deny benefits. However, in rejecting that recommendation, this Court found two reasons to reverse the ALJ, one of which, the failure to provide a full and fair hearing, was not

addressed by the magistrate judge.

This Court determined that the ALJ's decision was not based on substantial evidence.  It is also held that the plaintiff did not get a full and fair hearing.  Under either circumstance, it was not reasonable for the government to defend the ALJ's decision.  Accordingly, it was not substantially justified in that position.

In addition, the Government has failed to respond or object to the plaintiff's application for attorney fees.  Therefore, no support has been offered for substantial justification.  Finally, no appeal has been filed, and the time for appeal has passed.

## CONCLUSION

In light of the lack of substantial evidence supporting the ALJ's denial of benefits, as well as his conduct denying the plaintiff a full and fair hearing, this Court finds that the government was not substantially justified in defending the Commissioner's position.  The Court further finds that the number of hours outlined in the itemized statements of services rendered, schedule of costs and expenses, and hourly rates requested are reasonable. For these reasons,

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Award for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is **GRANTED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  March 14, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2007, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager